IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL DA ALEM, | ) | No. C 12-6267 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California state prisoner, proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses this action for failure to state a claim.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
G:\PRO-SE\RMW\CR.12\Alem267dis.wpd

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

In his amended complaint, plaintiff complains about the conditions at Santa Rita County jail. First, plaintiff alleges that the jail uses unsanitary hair clippers, which cannot be fully disinfected because the jail uses the same disinfectant that it uses for cleaning tables, windows, and showers. (Am. Compl. at 2.) Plaintiff claims that he could contract a disease or illness because of the uncleaniless. Plaintiff further alleges that Lt. Lacca and Lt. S. Sexton – investigative supervisors – failed to fully investigate the issue.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See id. Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See Johnson v. Lewis, 217 F.3d 726, 732-33 (9th Cir. 2000); see, e.g., Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), amended, 75 F.3d 448 (9th Cir. 1995). Here, plaintiff's assertion that the jail's hair clippers were not fully disinfected is not a sufficiently serious deprivation to trigger an Eighth Amendment concern. Cf. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses

1  against society, only those deprivations denying the minimal civilized measure of life's
2  necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal
3  citations and quotation marks omitted).  This allegation is dismissed for failure to state a
4  cognizable claim.

5       Second, plaintiff alleges that several times, when his cell was searched, some of his legal
6  documents were discarded.  (Am. Compl. at 3.)  However, there is no legitimate subjective
7  expectation of privacy that a prisoner might have in his prison cell.  Accordingly, the Fourth
8  Amendment proscription against unreasonable searches does not apply within the confines of the
9  prison cell.  See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984).  Further, that plaintiff was
10 randomly deprived of some legal documents during cell searches does not give rise to a federal
11 due process claim under because the alleged deprivation was random and unauthorized.  See id.
12 at 533.  Because California law provides an adequate post-deprivation remedy, relief is
13 precluded because the state provides sufficient procedural due process.  See Zinermon v. Burch,
14 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing
15 prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy
16 for erroneous deprivation satisfies due process).  Moreover, although plaintiff named as
17 defendants individuals who investigated and decided his administrative appeal, plaintiff does not
18 properly name the individuals who "proximately caused" the deprivation of his legal documents.
19 The court has previously warned plaintiff that he must"set forth specific facts as to each
20 individual defendant's" actions which violated his or her rights.  See Leer v. Murphy, 844 F.2d
21 628, 634 (9th Cir. 1988).  Plaintiff failed to do so.  Thus, this allegation is dismissed for failure
22 to state a cognizable claim.

23      Third, plaintiff claims that he was prevented from being able to use the pro per phone
24 several times.  (Am. Compl. at 4.)  Prisoners have a constitutional right of access to the courts.
25 See Lewis v. Casey, 518 U.S. 343, 350 (1996).  However, to establish a claim for any violation
26 of the right of access to the courts, the prisoner must prove that there was an inadequacy in the
27 prison's legal access program that caused him an actual injury.  See id. at 350-55.  To prove an
28 actual injury, the prisoner must show that the inadequacy in the prison's program hindered his

1  efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.
2  See id. at 354-55. Plaintiff has not done so. Thus, this allegation is dismissed for failure to state
3  a claim.
4     Finally, plaintiff alleges that when he was experiencing a medical emergency (i.e.,
5  shortness of breath and chest pains) (Am. Compl. at 15), defendant Technician White neglected
6  to answer the emergency call button for thirty minutes, and that was only after other cellmates
7  assisted plaintiff by pressing their own emergency call buttons. A prison official is deliberately
8  indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that
9  risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The prison official
10 must not only "be aware of facts from which the inference could be drawn that a substantial risk
11 of serious harm exists," but he "must also draw the inference." Id. If a prison official should
12 have been aware of the risk, but was not, then the official has not violated the Eighth
13 Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188
14 (9th Cir. 2002). Here, even assuming that the medical need was objectively serious, there is not
15 even an accusation, much less an inference, that Technician White knew that plaintiff was
16 suffering from a substantial risk of serious harm. See, e.g., Hallett v. Morgan, 296 F.3d 732,
17 745-46 (9th Cir. 2002) (plaintiffs could not prove 8th Amendment violation in class action
18 because they "have not demonstrated that delays occurred to patients with [dental] problems so
19 severe that delays would cause significant harm and that Defendants should have known this to
20 be the case"); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims
21 stemming from alleged delays in administering pain medication, treating broken nose and
22 providing replacement crutch, because claims did not amount to more than negligence); Walker
23 v. Benjamin, 293 F.3d 1030, 1038 (7th Cir. 2002) (doctor entitled to summary judgment where
24 plaintiff presented no evidence that delays between plaintiff's initial visit, diagnosis and visit to
25 the specialist were within the doctor's control or the doctor was deliberately indifferent to the
26 medical needs or that the delay contributed to plaintiff's injuries). Thus, this allegation is
27 dismissed for failure to state a claim.
28     Because plaintiff has previously been granted leave to amend his complaint to cure any

Order of Dismissal
G:\PRO-SE\RMW\CR.12\Alem267dis.wpd              4

1 deficiencies, the court finds that further leave to amend would constitute an exercise in futility.
2 See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); cf. Wagh v. Metris Direct,
3 Inc., 363 F.3d 821, 830 (9th Cir. 2003) (recognizing that a district court's discretion to deny
4 leave to amend is particularly broad where the plaintiff has previously filed an amended
5 complaint).

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED.  The clerk shall terminate all motions, enter judgment and close the file.

IT IS SO ORDERED.

DATED: ïɒɰ́ɵH

RONALD M. WHYTE
United States District Judge

Order of Dismissal
G:\PRO-SE\RMW\CR.12\Alem267dis.wpd              5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANIEL ALEM,

        Plaintiff,

  v.

ALAMEDA COUNTY et al,

        Defendant.

Case Number: CV12-06267 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel DA Alem CDC#AM3043  
Cell # B3/218L  
Pleasant Valley State Prison  
Post Office Box 8500  
Coalinga, CA 93210

Dated: July 26, 2013

                              Richard W. Wieking, Clerk  
                              By: Jackie Lynn Garcia, Deputy Clerk